ANNIE HANLEY AND HUSBAND v. NORTH JERSEY STREET RAILWAY COMPANY.

PATRICK J. HANLEY v. NORTH JERSEY STREET RAILWAY COMPANY.

Submitted July 6, 1900—Decided December 4, 1900.

Where the evidence is conflicting upon the question of the defendant's negligence, or as to whether the negligence of the plaintiff contributed to the injury, the case is a proper one for the jury.

On rule to show cause.

Before Depue, Chief Justice, and Justices Ludlow and Fort.

For the rule, *Vredenburgh & Garretson.*

*Contra, Warren Dixon.*

The opinion of the court was delivered by

Fort, J. The two cases above stated were tried together. The one was a suit by the wife (with whom the husband was of necessity joined) against the defendant, to recover for injuries caused to the wife in a trolley accident occurring in Jersey City, and the other was a suit by the husband against the same defendant for the loss of services of the wife and the damages resulting from the injuries to the horse and buggy which was being driven by the wife at the time of the accident and which belonged to the husband. A careful reading of the evidence in the case and the charge of the court satisfies us that the whole case was properly submitted by the trial justice to the jury; that a question of fact existed as to whether the defendant was guilty of negligence under the evidence in the cause and also as to whether the wife, Annie Hanley, was guilty of any negligence on her part which contributed to the accident.

The jury have found upon both questions against the defendant. In view of the contradictory character of the evidence, the court would not be justified in disturbing the verdict. These findings result in an affirmance of the rulings of the trial justice on the motions to nonsuit and to direct a verdict for the defendant.

The only remaining question is, were the damages excessive? The damages found for the husband for loss of services and society of the wife and for his physician's bill and damage to his buggy and horse were $150. The trial justice practically told the jury that there was no loss of service or society and that no damages should be allowed on that account. We are inclined to think that they have followed his advice and that the award of damage to him

was not excessive upon the other elements of damage in the cause.

The injuries to the wife were not serious. No bones were broken; no wounds were inflicted that were more serious than mere contusions and no proof that would justify any inference of possible future injurious results from the accident was made. The evidence is also meager as to whether she was affected anywise. injuriously, even temporarily by shock.

As to her, we think the verdict should be reduced from $750 to $500.

The rule to show cause as to the husband is discharged.

As to the wife, the rule is made absolute unless she will consent to reduce the verdict in her favor to the sum of $500, in which event judgment will be entered for that sum.